# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ALLIANT CREDIT UNION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THE VESSEL "EAGLE REST," her rigging, her engines, boilers, tackle, etc., and all other necessaries thereunto appertaining and belonging in Rem; STEVEN E. THOMAS aka STEVEN THOMAS, in Personam,<br><br>　　　　Defendants. | Case No: 09-1616 SBA<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING** |

On April 13, 2009, Plaintiff, Alliance Credit Union, filed an *in rem* Complaint for Foreclosure of Preferred Ship Mortgage against The Vessel "Eagle Rest" ("Vessel") and its owner, Steven Thomas ("Thomas"). The Complaint alleges that on July 25, 2006, Thomas borrowed $68,000 from Plaintiff and pledged his Vessel as security for the debt. (Compl. ¶¶ 5-6.) The security agreement was memorialized in a Preferred Ship Mortgage of Vessel. (Id. ¶ 6.)

The Complaint alleges that since September 1, 2008, Thomas has ceased payment on the debt. (Id. ¶ 9.) As a result, Plaintiff filed the instant action to seize the vessel and to recover from Thomas "the amount of any deficiency that may be due the Plaintiff after applying the proceeds of sale of the mortgaged vessel to the amount of the decree therein." (Id. at 5.) Neither Defendant answered the Complaint. At Plaintiff's request, the Clerk entered default against Thomas only on September 15, 2009.

On January 21, 2010, Plaintiff filed a Motion for Default Judgment against Thomas for the unpaid balance of $63,020.46, plus 7% per annum interest since September 29, 2008, and

attorneys' fees in the amount of $4,148.85. Although Plaintiff originally invoked this Court's jurisdiction and filed its Complaint specifically *to seize the Vessel*, Plaintiff alleges that it is "too costly" to proceed against the Vessel because it is now located in Panama. (Appl. for Default Judgment by Court ¶ 4.) As such, Plaintiff is foregoing seizure of the Vessel, and instead, seeks a default judgment directly against Thomas for the entire amount of the outstanding debt.

The Court has reviewed the Application for Default Judgment and the Declaration in Support of Default Judgment and finds them deficient. As an initial matter, Plaintiff provides no evidentiary support for its claim that the Vessel is in Panama or that it is "too costly" to recover the Vessel from that location. Moreover, Plaintiff provides no analysis or legal support demonstrating that this Court has jurisdiction or the legal authority to hold Thomas liable for the entire amount of the debt in lieu of foreclosing on the Vessel—particularly given that there are no direct claims in the Complaint against Thomas for failure to repay the debt. Rather, the Complaint seeks recovery against Thomas only in the event that there is deficiency "after apply the proceeds of sale of the mortgaged vessel . . . ." (Compl. at 5.)

In addition, Plaintiff's evidentiary support for the amount claimed is lacking. Attached to the supporting declaration of Cathryn Wolfkill, an employee of Plaintiff, is what is purported to be "Transaction Summary" that allegedly establishes both the remaining amount of the debt as well as the amount of attorney's fees being sought. (Wolfkill Decl. ¶¶ 10-11, Ex. 5.) However, the summary is indecipherable. Aside from failing to lay the proper foundation for this document, Plaintiff provides no explanation as to the significance of the data specified in the summary—or how it is proof of the amount owed on the debt and the attorney's fees incurred in connection with this matter. Rather, the summary consists almost entirely of numbers and incomplete dates, with no corresponding explanation of what these numbers supposedly represent.

In sum, the Court finds that the application for default judgment and supporting declaration are insufficient to justify the issuance of a default judgment. Accordingly,

IT IS HEREBY ORDERED THAT by no later than February 19, 2010, Plaintiff shall submit a supplemental memorandum and declaration sufficient to establish the following:

1. The basis of the Court's subject matter jurisdiction to enter a default judgment against Thomas only.

2. The factual and legal basis of the Court's authority to enter a default judgment against Thomas in the amount requested.

3. The specific provisions of any of the various debt instruments signed by Thomas that support Plaintiff's application for default judgment.

4. Competent, admissible evidence establishing that the amount sought to be recovered through a default judgment accurately reflects the amount of the outstanding debt owed by Thomas as well as the amount of attorneys' fees incurred in prosecuting this action.

In the event Plaintiff fails to submit the above information by the specified deadline, the Court will dismiss the action.

IT IS SO ORDERED.

Dated: February 5, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge