1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALLIANT CREDIT UNION,<br><br>Plaintiff,<br><br>vs.<br><br>THE VESSEL, "EAGLE'S REST," her rigging, engines, tackle, etc., and all other necessaries thereunto appertaining and belonging to in Rem; and STEVEN E. THOMAS, in Personam,<br><br>Defendants. | Case No: C 09-1616 SBA<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**<br><br>Docket 20 |

Plaintiff Alliant Credit Union ("Alliant") filed a Complaint for Foreclosure of Preferred Ship Mortgage against the vessel, "Eagle's Rest" ("the Vessel"), in rem, and the Vessel's owner, Steven Thomas ("Thomas"), in personam, on April 13, 2009. At Alliant's request, the Clerk of the Court entered default against Thomas on September 15, 2009. This matter comes before the Court on Plaintiff's Application for Entry of Default Judgment against Defendant Thomas, pursuant to Federal Rule of Civil Procedure 55. (Docket 20.) Having read and considered the papers filed in connection with his matter, including the supplemental briefing submitted by Alliant, the Court hereby DENIES Alliant's request for default judgment. Pursuant to Rule 78(b), the Court resolves this matter without argument.

**I.    BACKGROUND**

On July 25, 2006, Thomas borrowed $68,000 from Alliant, pledging his Vessel as security. (Compl. ¶¶ 5-6, Docket 1.) In accordance with 46 U.S.C. §§ 31321, et seq., the loan agreement was memorialized in a Preferred Ship Mortgage of Vessel. (Id. ¶ 6.) Thomas ceased payment on the debt on or about September 1, 2008. (Id. ¶ 9.) As a result,

Alliant filed the instant action to seize and sell the Vessel, and to recover from Thomas "the amount of any deficiency that may be due the Alliant after applying the proceeds of sale of the mortgaged vessel to the amount of the decree herein." (Id. ¶¶ 4, 6.)  Neither Defendant answered the Complaint.  Thus, on September 15, 2009, the Clerk entered default against Thomas only.  (Docket 16.)

On January 21, 2010, Alliant filed an application for default judgment against Thomas to recover the entire amount of the mortgage lien, i.e., unpaid principle in the amount of $63,020.46, plus interest at a rate of 7% per annum from September 29, 2008, and attorneys' fees in the amount of $4,148.85, for a total judgment of $72,931.47.  (Appl. for Default J. ¶ 4; Decl. of Cathryn Wolfkill ¶¶ 9-10, Docket 20.)  Although the Complaint specifically requested that the Vessel be "condemned and sold to pay the demands and claims," Alliant now alleges in its application that proceeding against the Vessel, which is now docked in Panama and beyond this Court's jurisdiction, has become "too costly." (Appl. for Default J. ¶ 4.)  As such, Alliant seeks to forego seizure of the Vessel, and instead, requests a default judgment directly against Thomas for the full amount of the outstanding indebtedness—as opposed to merely seeking to hold him liable for any deficiency.

The Court reviewed Alliant's request for default judgment and found it deficient. (Order for Supp. Br. at 2, Docket 24.)  The Court noted that Alliant had failed to provide any analysis or legal support to establish that this Court has jurisdiction or the legal authority to hold Thomas liable for the entire amount of the debt, in lieu of foreclosing on the Vessel—particularly given that there are no direct claims in the Complaint against Thomas for failure to repay the entire debt.  (Id.)  In addition, the Court found that Alliant's assertions that it would be "too costly" to recover the Vessel, and concerning the amount owed on the debt, were inadequately supported.  (Id.)   Thus, the Court ordered supplemental briefing on these issues.  On February 22, 2010, Alliant submitted a Supplemental Memorandum of Points and Authorities in Support of Default Judgment and a supplemental supporting declaration.  (Docket 26, 27.)

## II. LEGAL STANDARD

After the entry of default, a plaintiff may apply for a default judgment. Fed.R.Civ. P. 55(b). The decision to grant or deny a request for default judgment lies within the sound discretion of the court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court is guided by consideration of several factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. DISCUSSION

### A. ENFORCEMENT OF PREFERRED MORTGAGE LIENS

A preferred mortgage is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel. 46 U.S.C. § 31325(a). In the event of a default on any term of a preferred mortgage, the mortgagee may enforce the preferred mortgage lien, inter alia, through "a civil action in rem for the documented vessel," and "a civil action in personam in admiralty" against the mortgagor for the outstanding indebtedness or any deficiency in full payment of that indebtedness. 46 U.S.C. § 31325(b). Federal district courts have original and exclusive jurisdiction for civil actions brought in rem, and original and concurrent jurisdiction with the courts of a State for in personam civil actions brought against the mortgagor. 46 U.S.C. § 31325(c).

An in rem action is brought against the vessel itself as defendant. 2 Admiralty & Mar. Law § 21-3 (4th ed.); Canadian Aviator v. United States, 324 U.S. 215, 224 (1945). "Fundamental to United States admiralty practice in rem under Rule C [of the Supplemental Rules for Certain Admiralty and Maritime Claims] is the idea of personification of the vessel"; that is, the notion that the vessel as defendant is held liable separate and apart from the owner or mortgagor. 2 Admiralty & Mar. Law § 21-3. Except as otherwise provided by law, a party who may proceed in rem may also, or in the

alternative, proceed in personam against any person who may be liable.  Fed.R.Civ.P. App. C Rule C; 1 Admiralty & Mar. Law § 9-5.  The advantage of combining in rem and in personam actions is that a deficiency judgment may be entered against in personam defendants for the excess of the amount of damages over the fair market value of the vessel.  Id.; see Bollinger & Boyd Barge Serv., Inc. v. Motor Vessel, Captain Claude Bass, 576 F.2d 595, 597 (5th Cir. 1978).

### B. MERITS AND SUFFICIENCY OF THE COMPLAINT

The salient issue presented is whether Alliant may properly obtain a default judgment on its in personam claim against Thomas for the full amount of the mortgage lien.  The starting point for determining whether the requested default judgment is proper is the Complaint, because "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed.R.Civ.P.54(c); see, e.g., In re Ferrell, 539 F.3d 1186, 1192-93 (9th Cir. 2008) (holding default judgment award of attorney's fees and costs based on a statute that was not pled in the complaint violated Rule 54(c)).  The purpose of Rule 54(c) is to put the defendant on notice of the relief being sought against it.  In re Ferrell, 539 F.3d at 1192-93.  By limiting recoverable damages to what is specified in the pleadings, Rule 54(c) "ensures that a defendant considering default can look at the damages clause [and] satisfy himself that he is willing to suffer judgment in that amount."  Silge v. Merz, 510 F.3d 157, 159 (2d Cir. 2007) (holding that demand for all interest accrued prevented plaintiff from recovering pre-judgment interest).

In the instant case, Alliant's first and only claim for relief seeks to have the Vessel "sold to pay the demands and claims," based on the amount due under the mortgage lien.  (Compl. ¶ 4.)  As to Thomas, Alliant *only* seeks to "recover . . . the amount of any *deficiency* that may be due the Alliant after applying the proceeds of the sale of the mortgaged vessel to the amount of the decree herein."  (Id. ¶ 6 (emphasis added).)  Undoubtedly, the Complaint is sufficient to have placed Thomas on notice that a judgment could be entered against him personally in the event the proceeds from the sale of Vessel failed to satisfy the outstanding balance due on the lien.  However, nothing in the

Complaint provides notice to Thomas that Alliant may forego the sale of the Vessel, and instead, seek to hold him personally liable for the amount owed on the mortgage. Tellingly, Alliant never confronts this critical fact in its supplemental memorandum. Because it is uncontroverted that the relief sought by Alliant exceeds that of the Complaint, the requested default judgment must fail.  E.g., Family Tree Farms, LLC v. Alfa Quality Produce, Inc., 2009 WL 565568, *4 (E.D.Cal. Mar. 4, 2009) ("Plaintiff did not in the complaint allege entitlement to punitive damages or pray for punitive damages. Therefore, it would be inappropriate for Alliant to recover punitive damages in the instant application because such damages are beyond the scope of the complaint, and thus no meaningful notice has been given of a demand for punitive damages").[1]

Alliant appears to suggest that the Court should overlook the difference between the claim for relief alleged in the Complaint versus its application for default judgment on the ground that it would be too costly to recover the Vessel, which is now outside the Court's jurisdiction in Panama.  (Id. at 2-3.)  However, Alliant fails to cite any authority for the proposition that the Court can ignore the limitations on default judgments imposed by Rule 54(c) as a result of inaction on the part of the plaintiff.  To the extent that Plaintiff desired to preserve its claim against the Vessel, it should have sought to have a warrant issued for its arrest.  See Cactus Pipe & Supply Co. v. M/V Montmartre, 756 F.2d 1103, 1107 (5th Cir. 1985).  Having failed to do to so, Plaintiff cannot legitimately claim that equitable considerations justify entering a default judgment against Thomas for relief that was never sought in the Complaint in the first instance.

Finally, Alliant asserts that "[it] still seeks a judgment for the sale of the vessel, if recovered in the future, but seeks a judgment for the outstanding indebtedness against Defendant, Steven Thomas at this time." (Supp. Mem. at 3.)  Alliant then pledges to

---

[1] Though the prayer asks "for such other and further relief as the Court considers just and proper," (Compl. at 5), such general language does not satisfy the meaningful notice required by Rule 54(c). Ferrell, 539 F.3d at 1193; Silge, 510 F.3d at 159 (quoting Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1277 n.6 (9th Cir. 2006) ("such general requests for relief are deemed mere boilerplate, meant to cover all bases as to the claims asserted in the complaint")).

- 5 -

provide a "credit" to Thomas in the event they are able to recover and sell the Vessel in the future.  (Id.)  Again, Alliant fails to cite any legal authority in support of this proposal, which, in any event, does not appear to be cognizable under admiralty law.  See J. Ray McDermott v. Vessel Morning Star, 457 F.2d 815, 818 (5th Cir. 1972) ("The Ship Mortgage Act when read together with the statutes delineating the judicial sale procedure in federal courts, forms a comprehensive procedure for the foreclosure of a preferred ship mortgage, the sale of a vessel and any resulting deficiency adjudged against the debtor in personam.").  That notwithstanding, Alliant's assertion ignores that if Alliant were to recover the full amount of the outstanding indebtedness from Thomas, Alliant would no longer have a claim to the Vessel.  See USL Capital v. New York 30, 975 F. Supp. 382, 386 (D. Mass. 1996) (separate in rem action may be available only to collect unpaid portion of a judgment against a joint tortfeasor).

### C. REMAINING FACTORS

Though discussed nowhere by Alliant in its initial application or supplemental memorandum, the Court notes that other relevant Eitel factors militate against entering a default judgment against Thomas.  Notably, Alliant has made no claim or showing that it will suffer prejudice if a default judgment is not entered.  To the contrary, the denial of Alliant's application for default judgment in no way precludes it from suing Thomas for the entire amount of the mortgage lien.  In addition, the strong policy in favor of deciding cases on their merits also weighs against the proposed default judgment.[2]  Taking in account these factors, coupled with fact that the default judgment being sought by Alliant is barred by Rule 54(c), the Court, in its discretion, concludes that the entry of a default judgment against Thomas is not appropriate in this case.

---

[2] With regard to the remaining factors, the Court has not been provided with sufficient information to assess whether they weigh in favor or against a default judgment.  Nonetheless, even if they favored a default judgment, these factors are outweighed by those that favor denial.

## IV. CONCLUSION

The Court, in its discretion, concludes that a default judgment against Thomas based on the Complaint, as it currently is pled, is inappropriate. Because Alliant may be able to resolve the deficiencies set forth in this Order by amending its Complaint, the Court grants Alliant leave to do so. To the extent that Alliant does not desire to amend its Complaint, it should file a notice of dismissal under Rule 41(a). Accordingly,

IT IS HEREBY ORDERED THAT:

1. Alliant's Application for Entry of Default Judgment against Defendant Steven Thomas is DENIED.

2. Alliant is granted leave to amend its Complaint. Within ten days of the date this Order is filed, Alliant shall either file an amended complaint or request for voluntary dismissal under Rule 41(a)(1)(A). Failure to timely comply with this Order may result in the dismissal of the action, with prejudice, pursuant to Rule 41(b).

3. The parties shall appear for a telephonic Case Management Conference on **September 23, 2010 at 2:30 p.m.** The parties shall <u>meet and confer</u> prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

4. This Order terminates Docket 20.

IT IS SO ORDERED.

Dated: September 2, 2010

SAUNDRA BROWN ARMSTRONG
United States District Judge