1

2                    UNITED STATES DISTRICT COURT

3              FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                          OAKLAND DIVISION

5

6   ALLIANT CREDIT UNION,                    Case No:  09-1616 SBA

7                    Plaintiff,              **ORDER DISMISSING ACTION**

8           vs.

9   THE VESSEL "EAGLE REST," her rigging,
    her engines, boilers, tackle, etc., and all other
10  necessaries thereunto appertaining and
    belonging in Rem; STEVEN E. THOMAS
11  aka STEVEN THOMAS, in Personam,

12                   Defendants.

13

14

15         On September 2, 2010, the Court denied Plaintiff's application for default judgment.

16  See Order Denying Pl.'s App. for Default Judgment, Dkt. 28.  The Court's order further

17  stated:

18                Alliant is granted leave to amend its Complaint.  Within ten
                  days of the date this Order is filed, Alliant shall either file an
19                amended complaint or request for voluntary dismissal under
                  Rule 41(a)(1)(A).  Failure to timely comply with this Order may
20                result in the dismissal of the action, with prejudice, pursuant to
                  Rule 41(b).
21

22  Id. at 7 (emphasis added).  Although more than ten days have elapsed since the filing of the

23  aforementioned order, Plaintiff has neither filed an amended complaint nor a request for

24  voluntary dismissal.

25         Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action for

26  failure to prosecute.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  In

27  exercising its discretion under this rule, the Court is guided by five factors:  (1) the public's

28  interest in expeditious resolution of litigation; (2) the court's needs to manage its docket;

(3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994) (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first and second factors both favor dismissal.  In order to ensure progress in the litigation, the Court expressly ordered Plaintiff to file an amended complaint to cure the deficiencies articulated in the Court's ruling or to voluntarily dismiss the action.  Plaintiff has disregarded the Court's order and done neither.  Such non-compliance inherently delays resolution of the case and works to the detriment of the public.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d 1258, 1261 (9th Cir. 1992) (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the Defendants, is related to the strength of the Plaintiff's excuse for the default.  See Yourish, 191 F.3d at 991.  Here, Plaintiff has offered no excuse for its conduct nor is any apparent from the record.  These facts also weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.")

Finally, the Court has considered less drastic alternatives to dismissal.  The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."  Ferdik, 963 F.2d at 1262. Accordingly,

1    IT IS HEREBY ORDERED THAT the instant action is DISMISSED.  The Clerk

2  shall close the file and terminate any pending matters.

3    IT IS SO ORDERED.

4  Dated:  September 17, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge